UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

FILED
2022 DEC -9 AM 8:52
DEPUTY CLERK

| | |
|---|---|
| Plaintiff,<br><br>vs.<br><br>CITY OF WHITE SETTLEMENT, CITY OF FORT WORTH, CITY OF WHITE SETTLEMENT MAYOR RONALD WHITE (in his Official Capacity), TARRANT COUNTY DISTRICT ATTORNEY SHAREN WILSON (in her Individual and official capacity) CITY OF WHITE SETTLEMENT CHIEF OF POLICE CHRISTOPHER COOK (in his Individual and Official Capacity), CITY OF WHITE SETTLEMENT OFFICER PAYTON WYLY (in his official and Individual capacity), CITY OF WHITE SETTLEMENT OFFICER JONATHAN LOSER (in his official and Individual capacity), ( CITY OF WHITE SETTLEMENT SEARGENT BRAD BUKOWSKI (in his official and Individual capacity), CITY OF WHITE SETTLEMENT SEARGENT JAMES STEWART (in his official and Individual capacity), AND CITY OF WHITE SETTLEMENT OFFICER VALLADARES (in his Individual and official capacity),<br><br>Defendants | Case No.:<br><br>4-22CV-10950 |

**PLAINTIFFS' ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

**INTRODUCTION**

1. Plaintiffs are individuals who were traveling on public roads in, or near, White Settlement, Texas. Defendants are all local law enforcement officials in and around the City of White Settlement, Tarrant County, Texas and the Mayor of White Settlement. However, they have developed an illegal "stop and seize" practice of targeting, stopping, detaining, searching, and often seizing property from, apparently non-white persons and those traveling with their non-white children, including the Plaintiffs who travels through, or near White Settlement often. The Defendants undertake this practice without legal justification, in violation of the citizens' rights, not for any legitimate law enforcement purpose but to enrich their offices and perhaps themselves, by seizing and converting cash and other valuable personal property they can find during the course of the illegal stop and seize practice.

2. The Defendants' actions challenged herein are in violation of at least the 4th Amendment's prohibition against unreasonable searches and seizures and the 14th Amendment equal protection clause to the United States Constitution, made actionable by 42 U.S.C §1983.

3. Plaintiffs Eric Ellis, Honour D' Vine Ellis and Pryde Omari Ellis on their own behalf, seek equitable relief sufficient to remedy the practices complained of, and any available legal relief, along with all costs of suit authorized by 42 U.S.C. § 1988.

## JURISDICTION

4. This action is brought pursuant to 28 USC §1331, 42 USC §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

## VENUE

Venue is laid within the United States District Court for the Eastern District of New York in that Defendant City of New York is located within, and a substantial part of the events giving rise to the claim occurred within the boundaries of the Northern District of Texas.

## PARTIES

5. Plaintiff Eric Ellis is a person residing in the United States and a frequent visitor of White Settlement, Tx.

6. Plaintiff Honour D'Vine Ellis is a person residing in the United States and a frequent visitor of White Settlement, Tx.

7. Plaintiff Pryde Omari Ellis is a person residing in the United States and a frequent visitor of White Settlement, Tx.

8. Defendant **MAYOR RONALD WHITE** is sued in his official capacity.

9. Defendant Sharen Wilson is sued in her official capacity as the District Attorney of Tarrant County, Texas.

10. Defendant City of White Settlement is a municipality of White Settlement located in Fort Worth, Tx and manages, directs and controls the White Settlement Police Department which employs defendants Payton Wyly, Jonathan Loser, Brad Bukowski, James Stewart, and Officer Valladares and Chief of Police Christopher Cook.

10. Defendant Fort Worth is a municipal corporation organized under the laws of the State of Texas. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It is the parent corporation of City of White Settlement.

11. Defendant Christopher Cook is the Chief of Police of the White Settlement Police Department and at all times relevant to this action was a final decision-maker for the City of White Settlement regarding the operation of the White Settlement Police Department. Defendant Cook is responsible for establishing the practices and policies of the WSPD. He is also responsible for the hiring, screening, training, supervision, discipline and control of the police officers under his command, including the defendant officers in this case. Defendant Cook is sued in his official and individual capacities.

12. Defendants Payton Wyly, Jonathan Loser, Brad Bukowski, James Stewart, Officer Valladares (hereinafter "the defendant officers") are police officers for the White Settlement Police Department who at all relevant times were acting under color of state law. The defendant officers are sued in their official and individual capacities.

## COMMON FACTS

13. Each of the Plaintiffs have the following circumstances in common:

    (a) they appeared to be a member of a racial or ethnic minority group, or were in the company of someone who appeared to be a member of a racial or ethnic minority group,

    (b) they were traveling in, through or near White Settlement, Texas, on December 4th 2022,

    (c) they were, or are subject to being, stopped, detained, arrested, questioned and/or their property was searched by one, or more, Defendants, without articulable suspicion of criminal activity to determine whether they had cash money or any other valuable property pursuant to the Defendants' policy and practice of doing so, and then taking it for the Defendants' own use and purposes.

## PLAINTIFF ERIC ELLIS FACTS

14. Plaintiff Eric Ellis is a black African American.

15. On or about December 5, 2022, Plaintiff Ellis was traveling peacefully through White Settlement, Texas, when he was observed and stopped by Defendant Officer Payton Wyly.

16. Defendant Wyly had no legal justification for the stop.

17. Defendant Wyly ordered Plaintiff Eric Ellis to get out of his car. HE WAS NOW DETAINED

18. Defendant Wyly had no legal justification for ordering Plaintiff Eric Ellis to get out of his car



19. Plaintiff Eric Ellis refused to exit the vehicle without Officer Wyly having probable cause or reasonable articulable suspicion a crime was being committed.

20. Defendant SGT James Stewart arrived to the scene.



21. Defendant Wyly threatens to break the window if Plaintiff Eric Ellis continues to refuse to exit the vehicle.

22. Defendant SGT James Stewart inserts his arm inside Eric Ellis's property to open the door to force Plaintiff Eric Ellis out his property to successfully arrest Eric Ellis.



23. Defendant Officer Wyly and Defendant SGT Stewart had no reasonable legitimate reason for forcing the Plaintiff Ellis out of the vehicle for seeking information on his family's detainment. HE WAS NOW ARRESTED!

24. Defendants SGT Stewart and Officer Wyly discovered no evidence suggesting any criminal activity as a result of the searches and interrogation of Eric Ellis's children whom were detained by default.

25. Plaintiff Eric Ellis was taken to White Settlement Police Department.

26. Subsequent to Eric Ellis's arrest, Defendant Officers searched Eric Ellis's property seizing Plaintiff's Honour D'Vine Ellis, Plaintiff Pryde Omari Ellis, and their property without legal justification.

28. Defendants had no articulable suspicion of criminal activity to justify their treatment of the Plaintiffs. To the extent Defendants manufacture such suspicion, it has no credibility.

29. Plaintiffs were engaged in a protected activity and were retaliated against for exercising their constitutional rights to travel.

27. At the White Settlement Police Department Payton Wyly denied Eric Ellis his rights to file a written civil rights complaint.

28. Eric Ellis used the dispatch button from inside the cell to request a complaint form.

29. At or around 9 pm Plaintiff Eric Ellis had video court where he plead not guilty followed by Magistrate Judge Craig Magnuson ordering Eric Ellis's release after he signs. Eric Ellis signs release papers right after the conference with the judge.

30. Plaintiff Eric Ellis was given his clothing back, once he put the clothing on Defendant Officer Valladares and Defendant SGT Bukowski falsely imprisoned him again forcing him to get back undressed while locking Eric Ellis in a holding cell.

31. Plaintiff Eric Ellis was then placed back into the cell he was originally imprisoned in for at least 5 more hours. HE WAS NOW FALSELY IMPRISONED AGAIN!

32. Plaintiff Eric Ellis was charged with No Driver's License, No Plates and Failure to Maintain Financial Responsibility.

33. Eric Ellis has not given away his rights in exchange for privileges. Rights are those freedoms that are yours by virtue of your birth. Privileges are those freedoms granted to you from the authority in charge. There is no authority in charge of the Plaintiff Eric Ellis, as he has not contracted with the Department of Motor Vehicles and the State cannot require Eric Ellis to give a right in exchange for a privilege. They have no delegation of authority to convert his rights into privileges or licenses.

### PLAINTIFFS' HONOUR D'VINE ELLIS AND PRYDE OMARI ELLIS FACTS

34. Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis are black African Americans.

35. On or about December 4, 2022 Defendant Officer P Wyly observed Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis traveling with their father on Las Vegas Trail in, or near, the City of White Settlement. Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis were passengers in a car driven by another African America Eric Ellis. Defendant Washington stopped the vehicle.

36. Defendant Washington had no legal justification for stopping the vehicle in which Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis were riding.

37. Defendant Officers then detained Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis and Eric Ellis for a significant amount of time.

38. Defendant Officers had no legal justification for detaining Plaintiffs Honour, Plaintiff Pryde or Eric Ellis.

39. Defendant Officers interrogated Plaintiffs Honour D'Vine Ellis, Pryde Omari Ellis and Eric Ellis without any legitimate reason or legal justification.

40. Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis and Eric Ellis explained that they are traveling to the public park in which the Defendant Officer P Wyly illegally used his emergency lights to pull the Plaintiff's over.

41. Without any legitimate reason or legal justification Defendant Wyly sought to search the vehicle. Fearing a shakedown, Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis and Eric Ellis refused to consent to Defendant Officers making an unreasonable search and seizuref of their property.

42. Defendant Officers had no legal justification for seizing the Plaintiffs and their property.

43. Defendants Officers then arrested Plaintiffs Honour D'Vine Ellis and Pryde Omari Ellis and their father Eric Ellis.

44. Defendants Officers had no legal justification for the arrests.

45. Defendants Officers took property from the Plaintiffs Honour D'vine Ellis and Pryde Omari Ellis but the property was never documented, thus the property seized was never returned.

### CLAIMS FOR RELIEF

### COUNT I

### Violations of the Fourth Amendment

### Against All Defendants

46. Plaintiff's incorporate by reference paragraphs 1-45 of the Complaint.

47. All defendants have implemented and enforced a policy, practice and/or custom of stopping, frisking, searching and detaining the named plaintiffs

48. The constitutional violations suffered by the Plaintiffs are directly and proximately caused by policies, practices and/or customs implemented and enforced by the Defendants City of White Settlement, White Settlement Mayor Ronald White, Chief of Police Christopher Cook, and Tarrant County as set forth in this Complaint. without probable cause or reasonable suspicion of criminal conduct as required by the Fourth Amendment

49. Defendants have acted with deliberate indifference to the Fourth Amendment rights of the named Plaintiffs and as a direct and proximate result of the acts and omissions of the defendants, the Fourth Amendment rights of the named plaintiff have been violated.

50. The Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless defendants are enjoined from continuing their policy, practice and/or custom of unconstitutional stops, detentions, searches, frisks and arrests.

51. Defendants have by the above-described actions deprived the named Plaintiffs of their rights to be free from unlawful seizures, searches, frisks, and detention. As a result, all plaintiffs have suffered and will continue to suffer harm in violation of their rights under the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

## COUNT II

### 42 U.S.C. § 1983 for Violation of Equal Protection Clause

#### Against All Defendants

52. Plaintiff incorporate by reference paragraphs 1-51 of the Complaint.

53. Defendants have implemented and enforced a policy, practice and/or custom of stopping, frisking, searching and detaining the Plaintiffs based on their race and/or national origin in violation of the Equal Protection Clause of the Fourteenth Amendment.

54. These constitutional violations are directly and proximately caused by policies, practices and/or customs of the defendants City of White Settlement, White Settlement Mayor Ronald White and Chief of Police Christopher Cook, as set forth in this Complaint.

55. Defendants have acted with the intent to discriminate on the basis of race or national origin in police practices relating to stops, detentions, frisks and searches. As a direct and proximate result of the acts and omissions of the defendants, the Fourteenth Amendment rights of the Plaintiffs have been violated.

56. Defendants have intentionally targeted Black individuals for unconstitutional stops and frisks in areas where the Plaintiffs reside or visit. Under these practices, policies and/or customs, the Equal Protection rights of the plaintiffs will continue to be violated.

57. The Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless defendants are enjoined from continuing their policy, practice and/or custom of unconstitutional stops, detentions, searches, frisks and arrests.

58. Defendants have by the above-described actions deprived all the of their rights to be free from unlawful seizures, frisks, searches and detention. As a result, all Plaintiffs have suffered and will continue to suffer harm in violation of their rights under the Fourth and Fourteenth Amendments, and 42 U.S.C. §1983.

## COUNT III

### Title VI of the Civil Rights Act of 1964, E, et seq.

#### Against the City

Plaintiffs incorporate by reference paragraphs 1-58 of the Complaint.

59. The law enforcement activities described in this Complaint have been funded, in part, with federal funds.

60. Discrimination based on race in the law enforcement activities and conduct described in this Complaint is prohibited under 42 U.S.C. § 2000(d), et seq. The acts, conduct and omissions of the defendants were intended to discriminate on the basis of race and/or national origin, and/or had a disparate impact on minorities, particularly Blacks.

61. The Plaintiffs have no adequate remedy at law and will suffer serious and irreparable harm to their constitutional rights unless defendants are enjoined from continuing their policy, practice and/or custom of unconstitutional stops, detentions, frisks and searches.

62. As a direct and proximate result of the above actions and conduct, the named Plaintiffs have been deprived of their rights under civil rights statutes and the Constitution of the United States, and in particular Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000(d), et seq.

## COUNT IV

### Claims of the Eric Ellis Pursuant to 42 U.S.C. § 1983

71. The City of White Settlement is aware that all of the aforementioned has resulted in violations of Plaintiff's constitutional rights. Despite such notice, the City of White Settlement has failed to take corrective action. This failure and these policies caused the officers in the present case to violate plaintiffs' civil rights, without fear of reprisal.

72. Plaintiffs have been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

73. The City is liable for the damages suffered by plaintiffs as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees' violation of plaintiffs' constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event. The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiffs' constitutional rights in this case.

## COUNT VI

### FIFTH CAUSE OF ACTION (NEGLIGENT HIRING & RETENTION).

74. The above paragraphs are here incorporated by reference.

75. Defendant City of White Settlement, through the White Settlement Police Department, owed a duty of care to plaintiffs to prevent the loss of liberty and mental abuse sustained by plaintiffs.

76. Defendant City of White Settlement, through the White Settlement Police Department, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated an injury to the plaintiffs or those in a position similar to plaintiffs as a result of this conduct.

77. Upon information and belief, defendant officers were incompetent and unfit for their positions.

78. Upon information and belief, defendant City knew or should have known through exercise of reasonable diligence that the officer defendants were potentially dangerous and had previously falsely arrested civilians without probable cause.

79. Defendant City of White Settlement's negligence in hiring and retaining the officer defendants proximately caused plaintiffs' injuries;

80. Because of the defendant City's negligent hiring and retention of defendant officers, plaintiffs incurred damages described above.

## COUNT VII

### (RESPONDEAT SUPERIOR)

81. The above paragraphs are here incorporated by reference.

82. Defendants' intentional tortious acts were undertaken within the scope of their employment by defendant City of White Settlement and in furtherance of the defendant City of White Settlement's interest.

83. As a result of defendants' tortious conduct in the course of their employment and in furtherance of the business of defendant City of White Settlement, Plaintiffs were damaged.

## COUNT VIII

### 42 U.S.C. § 1983 Unreasonable Search Monell claim

(Against Defendants CITY OF WHITE SETTLEMENT AND CITY OF FORT WORTH)

84. Plaintiff re-alleges and incorporates all previous paragraphs as if fully stated herein.

85. The policy whereby the Defendant City of White Settlement uses video monitoring and recording of persons using the toilet while in custody at the White Settlement police department constitutes a "search" for the purposes of the Fourth Amendment.

86. The search was unreasonable under the Fourth Amendment as the Plaintiff Eric Ellis was a pretrial detainee whom hasn't been convicted of any crime.

87. As part of this policy, all persons in custody of the White Settlement police department were subjected to the video monitoring and recording while inside the cell, irrespective of the offense for which they were taken into custody.

88. The Plaintiff who used the toilet while in custody had a reasonable expectation of privacy to urinate and defecate without having intimate portions of his anatomy exposed to police and/or prosecutors and/or other unknown Village personnel without notice or warning.

89. There are far less invasive and intrusive means by which Defendant can protect its legitimate law enforcement interests than covertly recording all persons in custody before they are even proven guilty. In this case the Plaintiff was falsely imprisoned for exercising his constitutional rights, so his rights to privacy should have been retained.

90. The violations of the Federal Constitutional rights of Plaintiff and the class alleged herein were caused by an express and/or de facto municipal policy, custom, or practice of Defendant City of White Settlement.

91. As a direct and proximate result of the municipal policy described above, have suffered violations of his rights under the laws and Constitution of the United States, in

violation of 42 U.S.C. §1983. WHEREFORE, Named Plaintiff Eric Ellis respectfully demands judgment on behalf of himself, awarding costs, fees, attorneys' fees, actual damages, and any other appropriate relief against Defendant City of White Settlement.

## COUNT VIIII

### Invasion of Privacy—State Law Claim

Plaintiff re-alleges and incorporates all previous paragraphs as if fully stated herein.

92. Plaintiff had an expectation of privacy that he would not be subjected to video monitoring and recording while falsely imprisoned inside a cell at White Settlement Police Department.

93. Plaintiff was subjected to invasive video monitoring and recording while using the toilet inside the cell at WSPD.

94. Videotaping an individual while he or she is using the toilet is very intrusive and would be highly offensive to the ordinary reasonable person.

95. Plaintiff did not consent to the video monitoring and recording by the White Settlement police department.

96. Plaintiff had no knowledge of the video monitoring and recording as it was happening.

97. Plaintiff was given no warning that he would be recorded while using the toilet inside the cell.

98. The covert monitoring and recording of Plaintiff had the potential for disclosure to members of the public if not actual disclosure.

99. The covert monitoring and recording of Plaintiff while he used the bathroom constituted a substantial intrusion interference with his privacy.

100. Plaintiff was injured by the covert video monitoring and recording of his while he used the toilet.

WHEREFORE, Plaintiff Eric Ellis respectfully demands judgment on behalf of himself, awarding costs, fees, attorneys' fees, actual damages, punitive damages, and any other appropriate relief against Defendant Chief of Police Christopher Cook and the City of White Settlement.

## COUNT X

### VIOLATION OF RIGHT TO TIMELY RELEASE [FOURTH AMENDMENT/DUE PROCESS

101. Plaintiff incorporate the allegations of the preceding and subsequent paragraphs as if fully set forth herein.

102. Defendants engaged in coercive acts that separately and independently interfered with or attempted to interfere with the rights of Plaintiff Eric Ellis to be timely released when he was entitled to release in violation of his right to be free from unlawful seizure under the Fourth Amendment and the Due Process clause.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs seek to represent pray that the Court will:

Issue an injunction ordering the City of White Settlement and its policy makers to immediately cease its policy of using video monitoring and recording inside the

cell against all pretrial detainees because those persons retain their civil rights as a pretrial detainee in police custody;

Issue a judgment declaring that the White Settlement's policy, practice, and/or custom of unreasonably searching and seizing persons, cars, and property in the absence of reasonable suspicion or probable cause and on the basis of race, and of using unconstitutionally excessive force in connection with such searches and seizures, including the specific practices alleged herein, violates the Fourth and Fourteenth Amendments to the United States Constitution and Title VI, and that its implementation, enforcement, and sanctioning by White Settlement Police Department personnel is a direct and proximate result of the following policies, practices, and/or customs of the City of White Settlement, Chief of Police Christopher Cook and White Settlement Mayor Ronald White:

i. Failing to adequately screen, train, and supervise officers;

ii. Failing to adequately monitor the WSPD and its personnel and discipline those personnel who violate the constitutional rights of the residents of the communities they patrol; and nt.

iii. Encouraging, sanctioning, and failing to rectify the WSPD's policy, practice, and/or custom of unreasonably searching and seizing persons, homes, cars, and property in the absence of reasonable suspicion or probable cause and on the basis of race, and of using unconstitutionally excessive force in connection with such searches and seizures.

C. Issue an order for the following injunctive relief:

i. Enjoining the WSPD from continuing its policy, practice, and/or custom of unreasonably searching and seizing persons, homes, cars, and property in the absence of reasonable suspicion or probable cause and on the basis of race, and of using unconstitutionally excessive force in connection with such searches and seizures;

ii. Requiring Tarrant County to establish an independent civilian complaint review board which will be tasked with reviewing and investigating complaints by the public against the WSPD for abuse of authority, discrimination, and improper use of force, stops and frisks, and searches and seizures; and requiring the County to empower the civilian complaint review board to investigate WSPD policies and practices to identify systemic problems, subpoena WSPD documents and testimony for investigations, and impose binding disciplinary decisions upon findings that an officer of WSPD has violated civil rights;

iii. Requiring Tarrant County District Attorney Sharen Wilson, White Settlement Mayor Ronald White and Chief of Police Christopher Cook to institute and implement improved policies and programs with respect to training, discipline, and promotion designed to eliminate the WSPD's policy, practice, and/or custom of unreasonably searching and seizing persons, homes, cars, and property in the absence of reasonable suspicion or probable cause and on the basis of race, and of using unconstitutionally excessive force in connection with such searches and seizures;

iv. Requiring the Tarrant County District Attorney Sharen Wilson and White Settlement Mayor Ronald White to deploy WSPD personnel with appropriate and adequate supervision;

v. Requiring Tarrant County District Attorney Sharen Wilson and White Settlement Mayor Ronald White to implement appropriate measures to ensure that WSPD deputies document:

> 1. all roadblocks and checkpoints, including the location of each roadblock and checkpoint and the number, race, and gender of each individual(s) stopped;
>
> 2. all stops, frisks, searches (including home entries), including the basis for and the location of each stop, frisk, and search, and the number, race, and gender of each individual stopped, frisked, and/or searched; and
>
> 3. all citations and arrests, including the date, location, and circumstances under which the citation was issued and/or the arrest made, the basis and/or charge for the arrest/citation, and the race and gender of each individual cited or arrested,
>
> in sufficient detail as to permit supervisory review for compliance with the Fourth and Fourteenth Amendments and Title VI of the Civil Rights Act;

vi. Requiring Tarrant County and White Settlement Mayor Ronald White to implement appropriate measures to ensure that documentation of all vehicular stops and pedestrian stops and/or frisks is retained in a single, up-to-date computerized database;

vii. Requiring Tarrant County and White Settlement Mayor Ronald White to make publicly available, on a semiannual basis, data on all roadblocks, checkpoints, stops, frisks, and searches (including home entries), conducted by the WSPD, including the locations of each roadblock, checkpoint, stop, frisk and/or search and the race, ethnicity, and gender of each individual stopped and/or searched, as well as the purpose of the roadblocks/checkpoints and the reasons for stops, frisks, and searches;

viii. Requiring the Tarrant County and White Settlement Mayor Ronald White to monitor and audit WSPD policies, practices, and customs to ensure that all roadblocks, checkpoints, stops, frisks, and searches (including borne entries), comport with constitutional and statutory requirements, including by, among other things, periodically reviewing forms documenting roadblocks, checkpoints, stops, frisks, and searches (including home entries), and analyzing data on roadblocks, checkpoints, stops, frisks, and searches (including home entries); and

viiii. Requiring Tarrant County District Attorney Sharen Wilson and White Settlement Mayor Ronald White to acknowledge the role of policing in past and present injustice and discrimination and how it is a hurdle to the promotion of community trust; and

x. Requiring Tarrant County and White Settlement Mayor Ronald White to embrace a guardian mindset to build public trust and legitimacy by adopting procedural justice as the guiding principle for internal and external policies and practices to guide their interactions with the citizens they serve.

D. Award named Plaintiffs Eric Ellis, Honour D'Vine Ellis and Pryde Omari Ellis compensatory damages $1,000,000 per plaintiff

E. Award named Plaintiffs Eric Ellis, Honour D'Vine Ellis and Pryde Omari Ellis punitive damages against City of White Settlement officers Payton Wyly, Jonathan Loser, SGT Brad Bukowski, SGT James Stewart, Officer Valladares and Christopher Cook to the extent that their liability is based on reprehensible actions and/or inaction undertaken in their individual capacities, in amounts that are fair, just, and reasonably designed to punish and deter said reprehensible conduct, to be determined at trial;

F. Award all Plaintiffs, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988;

G. Award all Plaintiffs, costs of suit pursuant to 42 U.S.C. §§ 1920 and 1988; and

H. Award such other and further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury of all issues so triable, pursuant to Fed. R. Civ. Pr. 38(b).

Respectfully submitted,
Eric Lamar Ellis
8539 Melissa Dr
White Settlement, Tx 76108
Ericlamarellis@Gmail.com
12.5.2022

## CERTIFICATE OF SERVICE

I hereby affirm that on this 6th day of December, that the foregoing document was filed with the Court's CM/ECF electronic filing system.

/s/ *Eric L. Ellis*