IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC LAMAR ELLIS, *et al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-1095-O-BP |
| | § | |
| CITY OF WHITE SETTLEMENT, | § | |
| TEXAS, *et al.*, | § | |
| | § | |
| **Defendants.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is the Amended Complaint filed December 13, 2022 by *pro se* Plaintiffs Eric Lamar Ellis, Honour D'Vine Ellis, and Pryde Omari Ellis. ECF No. 5. Their case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 3. By Order entered on December 16, 2022, the Court granted Ellis's petition for leave to proceed *in forma pauperis* subject to judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 6.

After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor *sua sponte* **DISMISS** the claims that Eric Ellis ("Ellis") alleges on behalf of his children or that they allege themselves. The undersigned further **RECOMMENDS** that Judge O'Connor **DISMISS** the City of Fort Worth; former Tarrant County District Attorney Sharen Wilson, in her individual capacity; Tarrant County District Attorney Phil Sorrells, in his official capacity; and Acting Mayor Amber Munoz in her official capacity, for failure to state a claim on which relief can be granted.

## I.    BACKGROUND

The Amended Complaint alleges several constitutional violations against the City of Fort Worth, the City of White Settlement, the Mayor of White Settlement, the Tarrant County District

Attorney, and several City of White Settlement police officers. ECF No. 5. Specifically, Ellis

contends under 42 U.S.C. § 1983 that on or about December 4 or 5, 2022, he and his children,

Honour and Pryde, were driving on public roads in White Settlement when police officers pulled

him over with "no legal justification for the stop," detained all three of them for "no reasonable

legitimate reason," and arrested them with "no articulable suspicion of criminal activity" in

violation of the Fourth and Fourteenth Amendments. *Id.* at 2. He further alleges that the City of

White Settlement and its officers have "implemented and enforced a policy, practice, and /or

custom of stopping, frisking, searching, and detaining" people based on their race. *Id.* at 7. Ellis

states in his Amended Complaint that he was charged with "no driver's license, no plates, and

failure to maintain financial responsibility." *Id.* at 6.

## II.    LEGAL STANDARD

Because Ellis is proceeding *in forma pauperis*, the Court screens his case to determine

whether it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief against a defendant who is immune from such a claim. 28 U.S.C. §

1915(e)(2)(B)(i-ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir.

2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless

legal theory." *Neitzke*, 490 U.S. at 326–27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). And

to state a claim upon which relief may be granted, a complaint must plead "enough facts to state a

claim to relief that is plausible on its face" with enough specificity "to raise a right to relief above

the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III.   ANALYSIS

**A.    As a *pro se* litigant, Ellis cannot assert his children's claims or represent them in asserting their own claims.**

"In a federal court, a party can represent himself or be represented by an attorney but cannot be represented by a nonlawyer." *Gonzalez v. Wyatt*, 157 F.3d 1010, 1021 (5th Cir. 1998); *Allen v. Travis*, No. 3:06-cv-1361-M, 2008 WL 4602734, at *4 (N.D. Tex. Oct. 10, 2008) (Lynn, J.); *Mendheim v. AF & L Ins. Co.*, No. 3:07-cv-0263-D, 2007 WL 2263929, at *2 (N.D. Tex. Aug. 8, 2007) (Fitzwater, J.). Likewise, a *pro se* party cannot proceed "as 'next friend' on behalf of h[is] minor [children]." *Sprague v. Dep't of Family and Protective Services*, 547 F. App'x 507, 508 (5th Cir. 2013), *cert. denied*, 507 U.S. 1223 (2014); *see also Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law").

Although a plaintiff can proceed as a guardian under Rule 17(c) of the Federal Rules of Civil Procedure, "representation by an attorney would still be required." *Mendheim*, 2007 WL 2263929 at *2, n.3; *Aduddle v. Body*, 277 F. App'x 459 (5th Cir. 2008) (even if grandfather were grandchild's legal guardian, since he was not a lawyer, he could not represent her *pro se*). An individual may proceed *pro se* in civil actions in federal court, *see* 28 U.S.C. § 1654, but those not licensed to practice law may not represent the legal interests of others. *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016).

There is no evidence or other indication that Ellis is an attorney. Consequently, Judge O'Connor should dismiss all claims that he brings as next friend of his children or that he asserts directly as their representative, because Ellis cannot proceed *pro se* in this civil action on behalf of anyone other than himself.

**B.**     **Ellis's claims against the City of Fort Worth, former Tarrant County District Attorney Sharen Wilson, Tarrant County District Attorney Phil Sorrells, and Acting Mayor Amber Munoz are frivolous.**

Ellis sues the City of Fort Worth solely because it is the "parent corporation" of the City of White Settlement. ECF No. 5 at 2-3. Judge O'Connor should dismiss this claim because it is patently frivolous. Ellis's pleadings assert no facts to show that Fort Worth is the "parent corporation" of White Settlement. Nor does he assert any factual allegations or case law to show that any part of his § 1983 claims are attributable to the City of Fort Worth. *See Bd. Of Comm'rs of Bryan Cty. v. Brown,* 520 U.S. 397, 403 (1997); *see also Bennett v. City of Slidell,* 728 F.2d 762, 768 n.3 (5th Cir. 1984). The Court takes notice pursuant to Federal Rule of Evidence 201(b) that the City of White Settlement's charter was adopted in 1954, the City of Fort Worth's charter was adopted in 1924, and both cities are home-rule municipalities with separate mayors and city councils. https://library.municode.com/tx/white_settlement/codes/code_of_ordinances?nodeId= PTICH; https://codelibrary.amlegal.com/codes/ftworth/latest/ftworth_tx/0-0-0-41 (last visited May 24**,** 2023); Tex. Loc. Gov't Code § 9.001 (2023). Neither city is the "parent corporation" of the other, and the City of Fort Worth cannot be liable to Ellis or to any other party on that basis.

Ellis also sues Tarrant County District Attorney Phil Sorrells, in his official capacity, former Tarrant County District Attorney Sharen Wilson in her individual capacity, and Acting Mayor Amber Munoz in her official capacity. ECF No. 5. However, nowhere in his Amended Complaint does Ellis allege facts to support any wrongdoing on their parts that would have resulted in a violation of his constitutional rights. ECF No. 5.

Ellis's claims against District Attorney Sorrells in his official capacity should be dismissed because "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of their role as an advocate for the State are entitled to the protections of absolute immunity." *Davis v. Zellers*, No. 4:15-cv-729-A, 2015 WL 12731930 at *1

(N.D. Tex. Nov. 6, 2015), *aff'd*, 688 F. App'x 247 (5th Cir. 2017) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). Ellis has stated no facts and made no allegations against District Attorney Sorrells in his official capacity. Because his only possible involvement in any detention or arrest of Ellis on the occasion at issue would have been in his role as a prosecutor, he is entitled to prosecutorial immunity from Ellis's complaint. *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994) (absolute immunity applies to claim prosecutor knowingly offered perjured testimony); *Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (prosecutor absolutely immune from claim for malicious prosecution). Thus, the claims against Phil Sorrells in his official capacity should be dismissed with prejudice.

Similarly, the claims against the former Tarrant County District Attorney, Sharen Wilson, in her individual capacity also should be dismissed because she has qualified immunity. "Qualified immunity protects government officials performing discretionary functions from liability for civil damages insofar as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, (1982)); *see also Siegert v. Gilley*, 500 U.S. 226, 231 (1991). When determining whether an official can claim qualified immunity, courts engage in a two-step analysis: "(1) whether the facts that a plaintiff has shown establish a violation of a constitutional right; and (2) whether the right was clearly established at the time of the defendant's alleged misconduct." *Wilkerson v. Goodwin*, 774 F.3d 845, 851 (5th Cir. 2014). Here, Ellis alleges no facts to show that Ms. Wilson personally violated his constitutional rights or that any law that she violated was clearly established at the time that the alleged violation occurred. *Id.* Therefore, the claims against Sharen Wilson in her individual capacity should be dismissed without prejudice.

Dismissal is also proper for Ellis's claims against Acting Mayor Amber Munoz in her official capacity. Ellis does not allege any facts to prove that she was directly involved in any allegedly unconstitutional conduct. "To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.'" *James v. Tex. Collin Cty.*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

Ellis does not allege any facts to suggest that Mayor Munoz was directly involved in any misconduct. In fact, Ellis suggests as much claiming that she is liable under the theory of respondeat superior. ECF No. 1 at 9. However, a governmental actor cannot be liable under § 1983 merely as a supervisor. *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 690-91 (1978); *see also Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (citations omitted) ("We have consistently refused to hold municipalities liable under a theory of respondeat superior.") And "[t]hey are not vicariously liable under § 1983 for their employees' actions." *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)). Rather, a plaintiff must show either [that] the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation." *Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003). Ellis does not allege any facts to support a claim against Mayor Munoz that meets these requirements. Ellis's allegations against her should be dismissed for failure to state a claim.

## IV.   CONCLUSION

Judge O'Connor should dismiss Ellis's claims discussed above 28 U.S.C. § 1915(e)(2)(B)(i-ii) because they do not state a claim upon which relief can be granted. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS without**

**prejudice** Ellis's claims made as next friend for his children or as their representative so that a lawyer could pursue those claims in the appropriate forum. Judge O'Connor should **DISMISS with prejudice** the City of Fort Worth; **DISMISS without prejudice** former Tarrant County District Attorney Sharen Wilson, in her individual capacity; **DISMISS with prejudice** Tarrant County District Attorney Phil Sorrells, in his official capacity, and **DISMISS with prejudice** Acting Mayor Amber Munoz in her official capacity, but grant Ellis leave to file an Amended Complaint against the Acting Mayor that states sufficient facts supporting his claims against her within fourteen days of the entry of his order, or such other time as he may direct.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

It is so **ORDERED** on May 26, 2023.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

7