IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **ERIC LAMAR ELLIS**, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | Civil Action No. 4:22-cv-1095-O-BP |
| § | |
| **CITY OF WHITE SETTLEMENT,** § | |
| **TEXAS**, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Plaintiff filed objections on June 4, 2023. Plaintiff objects only to the dismissal with prejudice of the City of Fort Worth. He seeks to include Fort Worth in his Amended Complaint, claiming liability on a theory that the City of Fort Worth is the "parent corporation" or has established a "quasi corporate" relationship with the City of White Settlement. The District Court reviewed the proposed Findings, Conclusions, and Recommendation, Plaintiff's Objection, and the applicable law de novo. Finding no error and finding that an amendment to Plaintiff's Complaint based on the proposed theory would be futile, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.[1]

---

[1] Plaintiff's arguments that the City of White Settlement is geographically located within the City of Fort Worth and that the two municipalities have entered a traffic enforcement agreement—and that White Settlement thereby receives funds from Fort Worth—is insufficient to show that Fort Worth acts as the parent corporation of White Settlement or vice versa. *See, e.g.*, *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983) (noting that a parent corporation is one that "exerts such domination and control over its subsidiary 'that they do not in reality constitute separate and distinct corporate entities but are one and the same corporation'"). Plaintiff further argues that the two Cities have a "quasi corporation relationship," but offers no authority in support. While the Cities may qualify as "quasi corporations" in the legal sense, this alone does not provide Plaintiff with a valid theory for requiring Fort Worth to remain in the lawsuit as a defendant. *See, e.g.*, *Heigel v. Whcita County*, 84 Tex. 392, 394 (Tex. 1892)

It is therefore **ORDERED** that Plaintiff's claims made as next friend for his children or as their representative are **DISMISSED without prejudice**; Plaintiff's claims against the City of Fort Worth are **DISMISSED with prejudice**; Plaintiff's claims against former Tarrant County District Attorney Sharen Wilson in her individual capacity are **DISMISSED without prejudice**; Plaintiff's claims against Tarrant County District Attorney Phil Sorrells in his official capacity are **DISMISSED with prejudice;** and Plaintiff's claims against Acting Mayor Amber Munoz in her official capacity are **DISMISSED with prejudice,** but Plaintiff is granted leave to file an Amended Complaint against the Acting Mayor that states sufficient facts supporting his claims against her no later than **June 27th, 2023**.

      **SO ORDERED** this **12th day** of **June, 2023**.

 

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

("[Municipalities] are not corporations in the fullest sense of that term. They are commonly called '*quasi* corporations.' They are created by the state for the purposes of government.").